UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS RAMIREZ, | ) |
| | ) CASE NO. C10-580-RSM |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| A. NEIL CLARK, Field Office Director, U.S. | ) |
| Immigration and Customs Enforcement, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

I. INTRODUCTION AND SUMMARY CONCLUSION

Luis Ramirez ("petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges the lawfulness of his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 6.) He requests that the Court "Order the Petitioner to be released on supervised release or order bond hearing, so that Petitioner may be given a chance to challenge the necessities of his detention." *Id*. at 2. Respondent has filed a Return and Motion to Dismiss, arguing that petitioner's habeas petition should be dismissed as moot because petitioner was afforded a bond hearing before an Immigration Judge on March 11, 2010, where bond was denied. (Dkt. 11.)

REPORT AND RECOMMENDATION
PAGE - 1

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

## II.    BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States without inspection on an unknown date.  (Administrative Record ("AR") R114, L13.)  On January 29, 2007, he was convicted in the Adams County Superior Court in Ritzville, Washington, for the offense of Burglary in the Second Degree, and was sentenced to four months in jail.  (AR L13.) On December 30, 2009, ICE arrested petitioner and served him with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal from the United States under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") for being present in the United States without being admitted or paroled, and under INA § 212(a)(2)(A)(i)(I), for having been convicted of a crime involving moral turpitude.  (AR L3, L8-10.)  ICE made an initial custody determination and issued a decision to detain petitioner without bond pending a final determination by the Immigration Judge ("IJ").  (AR L2.) Petitioner requested and received a bond redetermination hearing on April 6, 2010, before an IJ who ordered that bond remain at "No Bond."  (AR L75.)   Petitioner waived his right to appeal the IJ's custody order to the Board of Immigration Appeals ("BIA").  *Id*.

On April 26, 2010, the IJ ordered petitioner removed to Mexico.  (AR L88.) Petitioner appealed the IJ's removal order to the BIA, which denied the appeal on July 6, 2010. Accordingly, petitioner's order of removal became administratively final on that date.  INA § 101(47)(B)(i), 8 U.S.C. § 1101(47)(B)(i).

On April 20, 2010, petitioner filed the instant habeas petition, challenging his detention.

(Dkt. 6.)  On May 27, 2010, the government filed a Return and Motion to Dismiss.  (Dkt. 11.) Petitioner did not file a response.

### III.  DISCUSSION

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'"  *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A).  The removal period begins on the *latest* of the following:

> (i) <u>The date the order of removal becomes administratively final</u>.
>
> (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004)(stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement.").  During the removal period, continued detention is required.  INA § 241(a)(2), 8 U.S.C. § 1231(a)(2)("During the removal period, the Attorney General shall detain the alien.").  Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6); *see Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).  In *Zadvydas*, the Supreme Court determined that the government is

entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*.

In the present case, the BIA denied petitioner's appeal of the IJ's removal order on July 6, 2010, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(i), 8 U.S.C. § 1231(a)(1)(B)(i). Accordingly, petitioner's ninety-day removal period will expire on or about October 6, 2010, and the six month presumptively reasonable period will expire on or about January 6, 2011. Accordingly, petitioner's detention is lawful, and the Court must deny habeas relief. *See Zadvydas*, 533 U.S. at 701.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of July, 2010.

Mary Alice Theiler
United States Magistrate Judge